# EXHIBIT A

⚜ **EFILED IN OFFICE**
CLERK OF STATE COURT
BRYAN COUNTY, GEORGIA
**STSV2021000148**
BT
**JUL 29, 2021 06:51 PM**

*Rebecca G. Crowe*
Rebecca Crowe, Clerk
Bryan County, Georgia

## IN THE STATE COURT OF BRYAN COUNTY

## STATE OF GEORGIA

ERICK R. SMITH                                                    :
                                                                 :
          Plaintiff.                                             :          CIVIL ACTION FILE
                                                                 :          NO. _____
v.                                                               :
                                                                 :
GEMCAP TRUCKING INC,                                             :
PRIME PROPERTY & CASUALTY                                        :
INSURANCE INC.,                                                  :
HUMBERTO JIMENEZ, Individually,                                  :
and JOHN DOES 1-3                                                :
                                                                 :
          Defendants.                                            :

## COMPLAINT FOR DAMAGES

COMES NOW Erick R. Smith (hereinafter "Plaintiff Smith"), and files this

Complaint for Damages, respectfully showing the Court as follows:

## PARTIES AND JURISDICTION

1.

Defendant Gemcap Trucking Inc (hereinafter "Defendant Gemcap

Trucking"), is a Florida profit corporation with its principal office located at 7570

NW 14th Street, Suite 106, Miami, Florida 33126,  and is subject to the jurisdiction

and venue of this Court pursuant to the Georgia Long-Arm Statute and the Georgia

Non-Resident Motorists Act.  Defendant Gemcap Trucking may be served with

Summons and Complaint for Damages through its registered agent for service of

process, Marbelis Montiel, 7570 NW 14th Street, Suite 106, Miami, Florida 33126.

2.

Defendant Prime Property & Casualty Insurance Inc. (hereinafter "Defendant Prime Property") is a foreign profit corporation with its principal office located at 8722 S. Harrison Street, Sandy, Utah 84070 and is subject to the jurisdiction and venue of this Court pursuant to the Georgia Long-Arm Statute and the Georgia Non-Resident Motorists Act. Defendant Prime Property may be served with Summons and Complaint for Damages through its registered agent for service of process, Richard Sox, 2822 Remington Green Circle, Tallahassee, Florida 32308.

3.

Defendant Humberto Jimenez (hereinafter "Defendant Jimenez") last resided at 5755 W 20th Avenue, Hialeah, Florida 33012, and is subject to the jurisdiction and venue of this Court pursuant to the Georgia Long-Arm Statute and the Georgia Non-Resident Motorists Act.

4.

Defendant Prime Property is an appropriate party-defendant pursuant to the provisions of O.C.G.A. §40-1-112 and is subject to the jurisdiction of this Court.

5.

Defendants John Does 1-3 are persons who may be liable to Plaintiff for some or all of the injuries claimed herein but whose identities are presently unknown to Plaintiff. Defendants John Does 1-3 may be served with Summons and a copy of this Complaint as provided by law.

6.

Plaintiff Smith resides in Jacksonville, North Carolina, and is subject to the jurisdiction and venue of this Court pursuant to the Georgia Long-Arm Statute and the Georgia Non-Resident Motorists Act.

7.

Jurisdiction and venue are proper in this Court.

**BACKGROUND**

8.

On December 23, 2019, at approximately 11:30 a.m., and at all times material to the subject incident, Defendant Jimenez was an employee or agent of Defendant Gemcap Trucking, and was operating a 2011 Freightliner Cascadia tractor trailer truck owned or leased by Defendant Gemcap Trucking while traveling southbound on I-95 in Bryan County, Georgia.

9.

On the same date and at the same time, Plaintiff Smith was a belted driver in a 2019 Ford Fusion rental vehicle which was also traveling southbound on I-95 in Bryan County, Georgia.

10.

On the same date and at the same time, and at all times material to the subject incident, Defendant Jimenez was operating said tractor trailer in the course and scope of his employment and/or agency.

- 3 -

11.

While driving, Defendant Jimenez, without warning, merged into the left lane, striking the passenger rear side bumper of Plaintiff's rental vehicle, causing serious injuries to Plaintiff Smith.

## COUNT 1

## NEGLIGENCE

12.

Plaintiff Smith realleges and incorporates herein the allegations contained in paragraphs 1 through 11 above as if fully restated.

13.

Defendant Jimenez was negligent in failing to maintain a proper lookout for Plaintiff's vehicle and for colliding with Plaintiff's vehicle.

14.

Defendant Jimenez's negligence is the sole and proximate cause of the collision and the resulting injuries to Plaintiff Smith.

15.

Defendant Jimenez failed to exercise ordinary care for the safety of Plaintiff Smith and others on the roadways while operating his vehicle.  Said failure and the corresponding actions of Defendant Jimenez as described above constitutes negligence.

16.

Defendant Jimenez disregarded the Rules of the Road, proximately causing his tractor-trailer truck to violently collide into Plaintiff's vehicle, resulting in injuries to Plaintiff Smith.

17.

Defendant Jimenez's disregard for the Rules of the Road also constitutes negligence *per se.*

## COUNT 2

## IMPUTED LIABILITY

18.

Plaintiff Smith realleges and incorporates herein the allegations contained in Paragraphs 1 through 17 above as if fully restated.

19.

At the time of the subject collision, Defendant Jimenez was under dispatch, and was operating his vehicle on behalf of Defendant Gemcap Trucking.

20.

Defendant Gemcap Trucking is an intrastate or interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Jimenez in regard to the collision described in this Complaint under the doctrine of lease liability, agency, or apparent agency.

21.

Defendant Gemcap Trucking is vicariously liable for the negligence of its employee/agent Defendant Jimenez under the doctrine of *Respondeat Superior.*

## COUNT 3

## NEGLIGENT HIRING, TRAINING AND SUPERVISION

22.

Plaintiff Smith realleges and incorporates herein the allegations contained in Paragraphs 1 through 21 above as if fully restated.

23.

Defendant Gemcap Trucking was negligent in hiring Defendant Jimenez and entrusting him to drive a tractor-trailer.

24.

Defendant Gemcap Trucking was negligent in failing to properly train Defendant Jimenez.

25.

Defendant Gemcap Trucking was negligent in failing to properly supervise Defendant Jimenez.

26.

Defendant Gemcap Trucking's negligence in hiring Defendant Jimenez and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was a proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT 4

## DIRECT ACTION

27.

Plaintiff Smith realleges and incorporates herein the allegations contained in Paragraphs 1 through 26 above as if fully restated.

28.

Defendant Prime Property is subject to a direct action as the insurer for Defendant Gemcap Trucking pursuant to O.C.G.A. § 40-1-112 or its predecessors O.C.G.A. §§ 46-7-12.1 and 40-2-140.

29.

Defendant Prime Property was the insurer of Defendant Gemcap Trucking at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

30.

Defendant Prime Property and Defendant Gemcap Trucking are subject to the filing requirements outlined in O.C.G.A. § 40-1-112 or its predecessors O.C.G.A. §§ 46-7-12.1 and 40-2-140.

31.

Defendant Prime Property is responsible for any judgment rendered against Defendant Gemcap Trucking and Defendant Jimenez up to its policy limits of coverage.

## COUNT 5

## DAMAGES

32.

Plaintiff Smith realleges and incorporates herein the allegations contained in Paragraphs 1 through 31 above as if fully restated.

33.

As a result of Defendants' negligence, Plaintiff Smith suffered severe bodily injuries, including but not limited to, his head, face, chest, and back. He was diagnosed with contusions of the scalp, back muscle spasms, and acute injuries to his upper thoracic muscles and tendons. Specifically, a sprain of ligaments of his cervical spine, thoracic spine, and lumbar spine. He was also diagnosed with segmental and somatic dysfunction of cervical region, thoracic region, and lumbar region.

34.

Plaintiff Smith has endured physical pain and suffering, substantial medical expenses, and mental pain, suffering and anguish, all of which were proximately caused by the negligence of Defendant Jimenez and imputed to his employer, Defendant Gemcap Trucking.

35.

As a direct and proximate result of the negligence of Defendant Jimenez and negligence which is imputed to Defendant Gemcap Trucking, Plaintiff Smith suffered special damages not less than as follows:

| | |
|---|---|
| Advent Health Heart of Florida | $3,271.44 |
| Ridgewood Emergency Group | $2,518.00 |
| Radiology & Imaging Specialists | $461.00 |
| Omni Clinic | $208.00 |
| Schilsky Chiropractic Center | $3,075.00 |
| Axis Physical Therapy | $2,480.00 |
| | |
| TOTAL SPECIAL DAMAGES PRESENTLY | $12,013.44 |

WHEREFORE, Plaintiff Smith prays:

a.      That summons issue with this Complaint for service upon Defendant Gemcap Trucking through its registered agent for service of process, Marbelis Montiel, 7570 NW 14th Street, Suite 106, Miami, Florida 33126 pursuant to the Georgia Long-Arm Statute;

b.      That summons issue with this Complaint for service upon Defendant Prime Property & Casualty Insurance Inc. through its registered agent for service of process, Richard Sox, 2822 Remington Green Circle, Tallahassee, Florida 32308, pursuant to the Georgia Long-Arm Statute;

c.      That summons issue with this Complaint for Damages for service upon Defendant Humberto Jimenez pursuant to the Georgia Non-Resident Motorists Act;

d.      That Plaintiff Smith be awarded a Judgment against Defendants Gemcap Trucking, Jimenez, and Prime  Property, jointly and severally, for compensatory damages, including medical expenses, pain and suffering, and mental anguish, as established by the evidence;

e.   For a trial by jury;

f.   That this court enter an order taxing all costs of these proceedings

against Defendants Gemcap Trucking, Jimenez, and Prime

Property; and

g.   That Plaintiff Smith be awarded such other and further relief as this

Court deems just and proper.

Respectfully submitted,

Thomas J. Ashenden
Georgia Bar No.:  034607
Gary Powell
Georgia Bar No.:  585941
Attorneys for Plaintiff


Ashenden & Associates, P.C.
6111 Peachtree Dunwoody Road
Building D, Suite 100
Atlanta, Georgia 30328
770-394-8909
tom@ashendenlaw.com
gary@ashendenlaw.com

**General Civil and Domestic Relations Case Filing Information Form**

⊞ **EFILED IN OFFICE**
CLERK OF STATE COURT
BRYAN COUNTY, GEORGIA

☐ **Superior or** ☑ **State Court of** _Bryan_ _____ **County**   **STSV2021000148**
BT

**JUL 29, 2021 06:51 PM**

*Rebecca G. Crowe*

Rebecca Crowe, Clerk
Bryan County, Georgia

| **For Clerk Use Only** | |
|---|---|
| **Date Filed** _07-29-2021_ | **Case Number** _STSV2021000148_ |
| **MM-DD-YYYY** | |

| **Plaintiff(s)** | | | | | **Defendant(s)** | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Smith, Erick R. | | | | | Gemcap Trucking Inc | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | Prime Property & Casualty Insurance Inc. | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | Jimenez, Humberto | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | Does 1 - 3, John | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _Ashenden, Thomas_ _____   **Bar Number** _034607_ ___   **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

| **General Civil Cases** | **Domestic Relations Cases** |
|---|---|
| ☑ Automobile Tort | ☐ Adoption |
| ☐ Civil Appeal | Contempt |
| ☐ Contract | ☐ Non-payment of child support, medical support, or alimony |
| ☐ Contempt/Modification/Other Post-Judgment | ☐ Dissolution/Divorce/Separate Maintenance/Alimony |
| ☐ Garnishment | ☐ Family Violence Petition |
| ☐ General Tort | ☐ Modification |
| ☐ Habeas Corpus | ☐ Custody/Parenting Time/Visitation |
| ☐ Injunction/Mandamus/Other Writ | ☐ Paternity/Legitimation |
| ☐ Landlord/Tenant | ☐ Support – IV-D |
| ☐ Medical Malpractice Tort | ☐ Support – Private (non-IV-D) |
| ☐ Product Liability Tort | ☐ Other Domestic Relations |
| ☐ Real Property | |
| ☐ Restraining Petition | |
| ☐ Other General Civil | |

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
       **Case Number**                         **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
         **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

# STATE COURT OF BRYAN COUNTY
# STATE OF GEORGIA

🍎 **EFILED IN OFFICE**
CLERK OF STATE COURT
BRYAN COUNTY, GEORGIA

**STSV2021000148**
BT
**JUL 29, 2021 06:51 PM**

*Rebecca G. Crowe*
Rebecca Crowe, Clerk
Bryan County, Georgia

CIVIL ACTION NUMBER  STSV2021000148

Smith, Erick R.

_____

**PLAINTIFF**

**VS.**

Gemcap Trucking Inc
Prime Property & Casualty Insurance Inc.
Jimenez, Humberto
Does 1 - 3, John

_____

**DEFENDANTS**

### SUMMONS

TO: GEMCAP TRUCKING INC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Thomas Ashenden**
**Ashenden & Associates, P.C.**
**6111 Peachtree Dunwoody Road**
**Building D, Suite 100**
**Atlanta, Georgia 30328**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 29th day of July, 2021.**

Clerk of State Court

*Rebecca G. Crowe*
Rebecca Crowe, Clerk
Bryan County, Georgia

# STATE COURT OF BRYAN COUNTY
# STATE OF GEORGIA

🍑 **EFILED IN OFFICE**
CLERK OF STATE COURT
BRYAN COUNTY, GEORGIA

**STSV2021000148**
BT
**JUL 29, 2021 06:51 PM**

*Rebecca G. Crowe*
Rebecca Crowe, Clerk
Bryan County, Georgia

CIVIL ACTION NUMBER   STSV2021000148

Smith, Erick R.

_____

**PLAINTIFF**

**VS.**

Gemcap Trucking Inc
Prime Property & Casualty Insurance Inc.
Jimenez, Humberto
Does 1 - 3, John

_____

**DEFENDANTS**

## SUMMONS

TO: JIMENEZ, HUMBERTO

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Thomas Ashenden**
> **Ashenden & Associates, P.C.**
> **6111 Peachtree Dunwoody Road**
> **Building D, Suite 100**
> **Atlanta, Georgia 30328**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 29th day of July, 2021.**

Clerk of State Court

*Rebecca G. Crowe*
Rebecca Crowe, Clerk
Bryan County, Georgia

# STATE COURT OF BRYAN COUNTY
# STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF STATE COURT
BRYAN COUNTY, GEORGIA

**STSV2021000148**
BT
**JUL 29, 2021 06:51 PM**

*Rebecca G. Crowe*
Rebecca Crowe, Clerk
Bryan County, Georgia

CIVIL ACTION NUMBER   STSV2021000148

Smith, Erick R.

_____

**PLAINTIFF**

**VS.**

Gemcap Trucking Inc
Prime Property & Casualty Insurance Inc.
Jimenez, Humberto
Does 1 - 3, John

_____

**DEFENDANTS**

## SUMMONS

TO: PRIME PROPERTY & CASUALTY INSURANCE INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Thomas Ashenden**
> **Ashenden & Associates, P.C.**
> **6111 Peachtree Dunwoody Road**
> **Building D, Suite 100**
> **Atlanta, Georgia 30328**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 29th day of July, 2021.**

Clerk of State Court

*Rebecca G. Crowe*

Rebecca Crowe, Clerk
Bryan County, Georgia

✦ **EFILED IN OFFICE**
CLERK OF STATE COURT
BRYAN COUNTY, GEORGIA

**STSV2021000148**
BT

**JUL 29, 2021 06:51 PM**

*Rebecca G. Crowe*

Rebecca Crowe, Clerk
Bryan County, Georgia

# IN THE STATE COURT OF BRYAN COUNTY

## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| ERICK R. SMITH | : | |
| Plaintiff. | : | CIVIL ACTION FILE |
| | : | NO. _____ |
| v. | : | |
| | : | |
| GEMCAP TRUCKING INC, | : | |
| PRIME PROPERTY & CASUALTY | : | |
| INSURANCE INC., | : | |
| HUMBERTO JIMENEZ, Individually, | : | |
| and JOHN DOES 1-3 | : | |
| | : | |
| Defendants. | : | |

### AFFIDAVIT OF SERVICE ON DEFENDANT GEMCAP TRUCKING INC PURSUANT TO O.C.G.A. § 40-12-2

Personally appeared before the undersigned attesting officer, duly authorized to administer oaths, Thomas J. Ashenden, who first being duly sworn, deposes and says:

1.    My name is Thomas J. Ashenden.  I am counsel for the Plaintiff in the above-styled case and have personal knowledge of the matters stated herein.

2.    Upon information and belief, Defendant Gemcap Trucking Inc is a non-resident motorist regarding a motor vehicle collision between the above captioned parties on December 23, 2019.

3.    I hereby certify that I have complied with O.C.G.A. § 40-12-2 by this day sending via Certified Mail, Return Receipt Requested, a copy of the Summons, Complaint, Interrogatories, Requests for Admission, Requests for Production,

Notice of Service of Discovery and Certificate of Service, and this Affidavit directed

to Defendant addressed as follows:

> Gemcap Trucking Inc
> Through Its Registered Agent
> Marbelis Montiel
> 7570 NW 14th Street
> Suite 106
> Miami, Florida 33126

4.     I further certify that I have complied with O.C.G.A. § 45-13-26 by

mailing a copy of the Summons, Complaint and this Affidavit along with a $10.00

fee to the following:

> Georgia Secretary of State
> 2 MLK Jr. Dr. S.E.
> Suite 315, West Tower
> Atlanta, Georgia 30334

**Further Affiant sayeth not.**

This 99th day of July ,2021.

Thomas J. Ashenden
Georgia Bar No.: 034607
Gary Powell
Georgia Bar No.: 585941
Attorneys for Plaintiff

Ashenden & Associates, P.C.
6111 Peachtree Dunwoody Road
Building D, Suite 100
Atlanta, Georgia 30328
770-394-8909
tom@ashendenlaw.com
gary@ashendenlaw.com

- 2 -

Sworn to and subscribed before me
this ___ day of _____, 2021.

_____
Notary Public

My Commission Expires:

Janine Higgins
NOTARY PUBLIC
Gwinnett County
State of Georgia
My Comm. Expires     22 May 2023

⚜ **EFILED IN OFFICE**
CLERK OF STATE COURT
BRYAN COUNTY, GEORGIA

**STSV2021000148**
BT

**JUL 29, 2021 06:51 PM**

*Rebecca G. Crowe*

Rebecca Crowe, Clerk
Bryan County, Georgia

## IN THE STATE COURT OF BRYAN COUNTY

## STATE OF GEORGIA

ERICK R. SMITH                               :
                                             :
    Plaintiff.                           :          CIVIL ACTION FILE
                                             :          NO. _____
v.                                           :
                                             :
GEMCAP TRUCKING INC,                         :
PRIME PROPERTY & CASUALTY                    :
INSURANCE INC.,                              :
HUMBERTO JIMENEZ, Individually,              :
and JOHN DOES 1-3                            :
                                             :
    Defendants.                          :

## AFFIDAVIT OF SERVICE ON DEFENDANT GEMCAP TRUCKING INC PURSUANT TO O.C.G.A. § 40-12-2

Personally appeared before the undersigned attesting officer, duly authorized to administer oaths, Thomas J. Ashenden, who first being duly sworn, deposes and says:

1.    My name is Thomas J. Ashenden. I am counsel for the Plaintiff in the above-styled case and have personal knowledge of the matters stated herein.

2.    Upon information and belief, Defendant Gemcap Trucking Inc is a non-resident motorist regarding a motor vehicle collision between the above captioned parties on December 23, 2019.

3.    I hereby certify that I have complied with O.C.G.A. § 40-12-2 by this day sending via Federal Express, Priority Overnight, Delivery Signature required, a copy of the Summons, Complaint, Interrogatories, Requests for Admission, Requests for Production, Notice of Service of Discovery and Certificate of Service, and this Affidavit directed to Defendant addressed as follows:

Gemcap Trucking Inc
Through Its Registered Agent
Marbelis Montiel
7570 NW 14th Street
Suite 106
Miami, Florida 33126

4.     I further certify that I have complied with O.C.G.A. § 45-13-26 by

mailing a copy of the Summons, Complaint and this Affidavit along with a $10.00

fee to the following:

Georgia Secretary of State
2 MLK Jr. Dr. S.E.
Suite 315, West Tower
Atlanta, Georgia 30334

**Further Affiant sayeth not.**

This 29th day of July, 2021.

Thomas J. Ashenden
Georgia Bar No.:  034607
Gary Powell
Georgia Bar No.: 585941
Attorneys for Plaintiff

Ashenden & Associates, P.C.
6111 Peachtree Dunwoody Road
Building D, Suite 100
Atlanta, Georgia 30328
770-394-8909
tom@ashendenlaw.com
gary@ashendenlaw.com

- 2 -

Sworn to and subscribed before me
this ____ day of _____ , 2021.

_____
Notary Public

My Commission Expires: _____

Janine Higgins
NOTARY PUBLIC
Gwinnett County
State of Georgia
My Comm. Expires    22 May 2023

- 3 -

⚜ **EFILED IN OFFICE**
CLERK OF STATE COURT
BRYAN COUNTY, GEORGIA

**STSV2021000148**
BT
**JUL 29, 2021 06:51 PM**

*Rebecca G. Crowe*
Rebecca Crowe, Clerk
Bryan County, Georgia

## IN THE STATE COURT OF BRYAN COUNTY

## STATE OF GEORGIA

ERICK R. SMITH                              :

      Plaintiff.                            :      CIVIL ACTION FILE
                            :      NO. _____

v.                                          :

                            :

GEMCAP TRUCKING INC,                        :
PRIME PROPERTY & CASUALTY                   :
INSURANCE INC.,                             :
HUMBERTO JIMENEZ, Individually,             :
and JOHN DOES 1-3                           :
                            :

      Defendants.                          :

## AFFIDAVIT OF SERVICE ON DEFENDANT HUMBERTO JIMENEZ
## PURSUANT TO O.C.G.A. § 40-12-2

Personally appeared before the undersigned attesting officer, duly authorized to administer oaths, Thomas J. Ashenden, who first being duly sworn, deposes and says:

1.      My name is Thomas J. Ashenden.  I am counsel for the Plaintiff in the above-styled case and have personal knowledge of the matters stated herein.

2.      Upon information and belief, Defendant Humberto Jimenez is a non-resident motorist regarding a motor vehicle collision between the above captioned parties on December 23, 2019.

3.      I hereby certify that I have complied with O.C.G.A. § 40-12-2 by this day sending via Certified Mail, Return Receipt Requested, a copy of the Summons, Complaint, Interrogatories, Requests for Admission, Requests for Production,

Notice of Service of Discovery and Certificate of Service, and this Affidavit directed

to Defendant addressed as follows:

> Humberto Jimenez
> 5755 W 20th Avenue
> Hialeah, Florida 33012

4.      I further certify that I have complied with O.C.G.A. § 45-13-26 by

mailing a copy of the Summons, Complaint and this Affidavit along with a $10.00

fee to the following:

> Georgia Secretary of State
> 2 MLK Jr. Dr. S.E.
> Suite 315, West Tower
> Atlanta, Georgia 30334

**Further Affiant sayeth not.**

This 29th day of July , 2021.

_____
Thomas J. Ashenden
Georgia Bar No.: 034607
Gary Powell
Georgia Bar No.: 585941
Attorneys for Plaintiff

Ashenden & Associates, P.C.
6111 Peachtree Dunwoody Road
Building D, Suite 100
Atlanta, Georgia 30328
770-394-8909
tom@ashendenlaw.com
gary@ashendenlaw.com

Sworn to and subscribed before me
this _____ day of _____ , 2021.

_____
Notary Public

My Commission Expires: 22 May 2023

Janine Higgins
NOTARY PUBLIC
Gwinnett County
State of Georgia
My Comm. Expires     22 May 2023

- 3 -

☗ EFILED IN OFFICE
CLERK OF STATE COURT
BRYAN COUNTY, GEORGIA

**STSV2021000148**
BT
**JUL 29, 2021 06:51 PM**

*Rebecca G. Crowe*

Rebecca Crowe, Clerk
Bryan County, Georgia

**IN THE STATE COURT OF BRYAN COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| ERICK R. SMITH | : | |
| | : | |
| Plaintiff. | : | CIVIL ACTION FILE |
| | : | NO. _____ |
| v. | : | |
| | : | |
| GEMCAP TRUCKING INC, | : | |
| PRIME PROPERTY & CASUALTY | : | |
| INSURANCE INC., | : | |
| HUMBERTO JIMENEZ, Individually, | : | |
| and JOHN DOES 1-3 | : | |
| | : | |
| Defendants. | : | |

**AFFIDAVIT OF SERVICE ON DEFENDANT HUMBERTO JIMENEZ**
**PURSUANT TO O.C.G.A. § 40-12-2**

Personally appeared before the undersigned attesting officer, duly authorized to administer oaths, Thomas J. Ashenden, who first being duly sworn, deposes and says:

1.   My name is Thomas J. Ashenden.  I am counsel for the Plaintiff in the above-styled case and have personal knowledge of the matters stated herein.

2.   Upon information and belief, Defendant Humberto Jimenez is a non-resident motorist regarding a motor vehicle collision between the above captioned parties on December 23, 2019.

3.   I hereby certify that I have complied with O.C.G.A. § 40-12-2 by this day sending via Federal Express Priority Overnight, Delivery Signature required, a copy of the Summons, Complaint, Interrogatories, Requests for Admission,

Requests for Production, Notice of Service of Discovery and Certificate of Service, and this Affidavit directed to Defendant addressed as follows:

> Humberto Jimenez
> 5755 W 20th Avenue
> Hialeah, Florida 33012

4.    I further certify that I have complied with O.C.G.A. § 45-13-26 by mailing a copy of the Summons, Complaint and this Affidavit along with a $10.00 fee to the following:

> Georgia Secretary of State
> 2 MLK Jr. Dr. S.E.
> Suite 315, West Tower
> Atlanta, Georgia 30334

**Further Affiant sayeth not.**

This 29th day of ___July___, 2021.

_Thomas J. Ashenden_
Thomas J. Ashenden
Georgia Bar No.: 034607
Gary Powell
Georgia Bar No.: 585941
Attorneys for Plaintiff

Ashenden & Associates, P.C.
6111 Peachtree Dunwoody Road
Building D, Suite 100
Atlanta, Georgia 30328
770-394-8909
tom@ashendenlaw.com
gary@ashendenlaw.com

Sworn to and subscribed before me
this _____ day of _____, 2021.

_____
Notary Public

My Commission Expires: 22 May 2023

Janine Higgins
NOTARY PUBLIC
Gwinnett County
State of Georgia
My Comm. Expires     22 May 2023

- 3 -

⊕ **EFILED IN OFFICE**
CLERK OF STATE COURT
BRYAN COUNTY, GEORGIA

**STSV2021000148**
BT
**JUL 29, 2021 06:51 PM**

*Rebecca G. Crowe*
Rebecca Crowe, Clerk
Bryan County, Georgia

## IN THE STATE COURT OF BRYAN COUNTY

## STATE OF GEORGIA

ERICK R. SMITH                                 :
                                               :
        Plaintiff.                             :          CIVIL ACTION FILE
                                               :          NO. _____
v.                                             :
                                               :
GEMCAP TRUCKING INC,                           :
PRIME PROPERTY & CASUALTY                       :
INSURANCE INC.,                                :
HUMBERTO JIMENEZ, Individually,                :
and JOHN DOES 1-3                              :
                                               :
        Defendants.                            :

## AFFIDAVIT OF SERVICE ON DEFENDANT PRIME PROPERTY & CASUALTY INSURANCE INC.
### PURSUANT TO O.C.G.A. § 40-12-2

Personally appeared before the undersigned attesting officer, duly authorized to administer oaths, Thomas J. Ashenden, who first being duly sworn, deposes and says:

1.      My name is Thomas J. Ashenden.  I am counsel for the Plaintiff in the above-styled case and have personal knowledge of the matters stated herein.

2.      Upon information and belief, Defendant Prime Property & Casualty Insurance Inc. is a non-resident motorist regarding a motor vehicle collision between the above captioned parties on December 23, 2019.

3.      I hereby certify that I have complied with O.C.G.A. § 40-12-2 by this day sending via Certified Mail, Return Receipt Requested, a copy of the Summons, Complaint, and this Affidavit directed to Defendant addressed as follows:

Prime Property & Casualty Insurance Inc.
Through Its Registered Agent
Richard Sox
2822 Remington Green Circle
Tallahassee, Florida 32308

4.      I further certify that I have complied with O.C.G.A. § 45-13-26 by

mailing a copy of the Summons, Complaint and this Affidavit along with a $10.00

fee to the following:

Georgia Secretary of State
2 MLK Jr. Dr. S.E.
Suite 315, West Tower
Atlanta, Georgia 30334

**Further Affiant sayeth not.**

This 29th day of July , 2021.

Thomas J. Ashenden
Georgia Bar No.:  034607
Gary Powell
Georgia Bar No.:  585941
Attorneys for Plaintiff

Ashenden & Associates, P.C.
6111 Peachtree Dunwoody Road
Building D, Suite 100
Atlanta, Georgia 30328
770-394-8909
tom@ashendenlaw.com
gary@ashendenlaw.com

- 2 -

Sworn to and subscribed before me
this ___ day of _____, 2021.

_____
Notary Public

My Commission Expires: 22 May 2023

Janine Higgins
NOTARY PUBLIC
Gwinnett County
State of Georgia
My Comm. Expires      22 May 2023

- 3 -

⚏ **EFILED IN OFFICE**
CLERK OF STATE COURT
BRYAN COUNTY, GEORGIA

**STSV2021000148**
BT

**JUL 29, 2021 06:51 PM**

*Rebecca G. Crowe*

Rebecca Crowe, Clerk
Bryan County, Georgia

**IN THE STATE COURT OF BRYAN COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| ERICK R. SMITH | : | |
| | : | |
| Plaintiff. | : | CIVIL ACTION FILE |
| | : | NO. _____ |
| v. | : | |
| | : | |
| GEMCAP TRUCKING INC, | : | |
| PRIME PROPERTY & CASUALTY | : | |
| INSURANCE INC., | : | |
| HUMBERTO JIMENEZ, Individually, | : | |
| and JOHN DOES 1-3 | : | |
| | : | |
| Defendants. | : | |

**AFFIDAVIT OF SERVICE ON DEFENDANT PRIME PROPERTY & CASUALTY
INSURANCE INC.
PURSUANT TO O.C.G.A. § 40-12-2**

Personally appeared before the undersigned attesting officer, duly authorized to administer oaths, Thomas J. Ashenden, who first being duly sworn, deposes and says:

1.    My name is Thomas J. Ashenden.  I am counsel for the Plaintiff in the above-styled case and have personal knowledge of the matters stated herein.

2.    Upon information and belief, Defendant Prime Property & Casualty Insurance Inc. is a non-resident motorist regarding a motor vehicle collision between the above captioned parties on December 23, 2019.

3.    I hereby certify that I have complied with O.C.G.A. § 40-12-2 by this day sending via Federal Express, Priority Overnight, Delivery Signature required,

a copy of the Summons and Complaint and this Affidavit directed to Defendant addressed as follows:

> Prime Property & Casualty Insurance Inc.
> Through Its Registered Agent
> Richard Sox
> 2822 Remington Green Circle
> Tallahassee, Florida 32308

4.      I further certify that I have complied with O.C.G.A. § 45-13-26 by mailing a copy of the Summons, Complaint and this Affidavit along with a $10.00 fee to the following:

> Georgia Secretary of State
> 2 MLK Jr. Dr. S.E.
> Suite 315, West Tower
> Atlanta, Georgia 30334

**Further Affiant sayeth not.**

This ___ day of _____, 2021.

_____
Thomas J. Ashenden
Georgia Bar No.:  034607
Gary Powell
Georgia Bar No.:  585941
Attorneys for Plaintiff

Ashenden & Associates, P.C.
6111 Peachtree Dunwoody Road
Building D, Suite 100
Atlanta, Georgia 30328
770-394-8909
tom@ashendenlaw.com
gary@ashendenlaw.com

Sworn to and subscribed before me
this ____ day of _____, 2021.

_____
Notary Public

My Commission Expires: 22 May 2023

Janine Higgins
NOTARY PUBLIC
Gwinnett County
State of Georgia
My Comm. Expires      22 May 2023

- 3 -

E-filed in Office
Clerk of State Court
8/25/2021 4:39 PM
Bryan County, GA
Rebecca G. Crowe, Clerk
Case Number: STSV2021000148

## IN THE STATE COURT OF BRYAN COUNTY
## STATE OF GEORGIA

ERICK R. SMITH,                )

                       )

      Plaintiff,           )      CIVIL ACTION FILE

                       )      NO. STSV2021000148

v.                       )

                       )

GEMCAP TRUCKING, INC.; PRIME   )

PROPERTY & CASUALTY          )

INSURANCE INC.; HUMBERTO     )

JIMENEZ, Individually; and JOHN   )

DOES 1-3,                   )

                       )

      Defendants.         )

## ANSWER AND DEFENSES OF PRIME PROPERTY & CASUALTY
## INSURANCE INC. TO PLAINTIFF'S COMPLAINT

COMES NOW defendant Prime Property & Casualty Insurance Inc. ("defendant" or "Prime"), by way of special appearance, without waiving and specifically reserving all jurisdictional defenses, and answers plaintiff's complaint as follows:

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Responding to the specifically numbered paragraphs of plaintiff's complaint, defendant answers as follows:

## PARTIES AND JURISDICTION

### 1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

### 2.

Responding to the allegations in this paragraph of the complaint, defendant admits it is an insurance company with its principal office at the stated address and may be served according to law.  Except as expressly admitted, defendants deny the allegations in this paragraph of the complaint

### 3.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

### 4.

Defendant denies the allegations in this paragraph of the complaint.

### 5.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

7.

Defendant denies the allegations in this paragraph of the complaint insofar as they are directed at it; otherwise, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

BACKGROUND

8.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

9.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

11.

Defendant denies the allegations in this paragraph of the complaint.

## COUNT 1 – NEGLIGENCE

12.

Defendant restates the responses to the foregoing paragraphs of the complaint as if fully set forth herein.

13.

Defendant denies the allegations in this paragraph of the complaint.

14.

Defendant denies the allegations in this paragraph of the complaint.

15.

Defendant denies the allegations in this paragraph of the complaint.

16.

Defendant denies the allegations in this paragraph of the complaint.

17.

Defendant denies the allegations in this paragraph of the complaint.

## COUNT 2 – IMPUTED LIABILITY

### 18.

Defendant restates the responses to the foregoing paragraphs of the complaint as if fully set forth herein.

### 19.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

### 20.

Responding to the allegations in this paragraph of the complaint, defendant admits Gemcap Trucking Inc. ("Gemcap") is a motor carrier and has a duty to follow applicable laws.  Except as expressly admitted, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

### 21.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

## COUNT 3 – NEGLIGENT HIRING, TRAINING AND SUPERVISION

### 22.

Defendant restates the responses to the foregoing paragraphs of the complaint as if fully set forth herein.

### 23.

Defendant denies the allegations in this paragraph of the complaint.

### 24.

Defendant denies the allegations in this paragraph of the complaint.

### 25.

Defendant denies the allegations in this paragraph of the complaint.

### 26.

Defendant denies the allegations in this paragraph of the complaint.

## COUNT 4 – DIRECT ACTION

### 27.

Defendant restates the responses to the foregoing paragraphs of the complaint as if fully set forth herein.

### 28.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

29.

Responding to the allegations in this paragraph of the complaint, defendant admits it issued a policy of liability insurance to Gemcap and the policy was in effect at the time of the subject accident.  Except as expressly admitted, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

30.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

31.

Responding to the allegations in this paragraph of the complaint, defendant admits it is responsible for a judgment against Gemcap and Mr. Jimenez up to the limits and subject to the terms of the policy of liability insurance it issued to Gemcap. Except as expressly admitted, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

## COUNT 5 – DAMAGES

### 32.

Defendant restates the responses to the foregoing paragraphs of the complaint as if fully set forth herein.

### 33.

Defendant denies the allegations in this paragraph of the complaint.

### 34.

Defendant denies the allegations in this paragraph of the complaint.

### 35.

Defendant denies the allegations in this paragraph of the complaint.

### 36.

Responding to the allegations in the unnumbered paragraph which begins "WHEREFORE," including those set forth in subparagraphs (a) through (g), and constitutes plaintiff's prayer for relief, defendant denies plaintiff is entitled to any relief from them under any theory, at law or in equity.

### 37.

Except as expressly admitted or otherwise responded to, defendant denies all allegations in the complaint.

THIRD DEFENSE

Defendants did not breach any duty owed to plaintiff.

FOURTH DEFENSE

No act or omission of defendants either proximately caused or contributed to any injuries or damages allegedly incurred by plaintiff; therefore, plaintiff has no right of recovery against defendants.

FIFTH DEFENSE

Any injuries or damages sustained by plaintiff were the sole, direct, and proximate result of the conduct of others, including but not limited to plaintiff, and no alleged act by defendants caused or contributed to the incident described in the amended complaint.

SIXTH DEFENSE

To the extent as may be shown applicable by the evidence through discovery, defendant asserts the affirmative defenses of expiration of statute of limitations, insufficiency of service of process, lack of personal jurisdiction, assumption of the risk, contributory/comparative negligence, failure of plaintiff to avoid consequences, failure of plaintiff to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud,

- 9 -

illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, and waiver.

WHEREFORE, having fully listed its defenses and having fully answered the complaint, defendant prays as follows:

(a)　　That judgment be entered in favor of defendants and against plaintiff on the complaint;

(b)　　That the costs of this action, including attorney's fees be cast against plaintiff; and

(c)　　That the Court grant such other and further relief as it may deem just and proper.

STONE KALFUS LLP

_/s/ Matthew P. Stone_
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Attorneys for Defendants

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

**DEFENDANT DEMANDS A TRIAL BY JURY OF TWELVE**

## CERTIFICATE OF SERVICE

This is to certify that I have this date served the foregoing *Answer and Defenses of Prime Property & Casualty Insurance Inc. to Plaintiff's Complaint* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the PeachCourt eFile system which will automatically send e-mail notification of such filing to counsel of record and others who are PeachCourt eFile participants.  Counsel of record is as follows:

> Thomas J. Ashenden, Esq.
> Gary Powell, Esq.
> Ashenden & Associates, P.C.
> 6111 Peachtree Dunwoody Road
> Building D, Suite 100
> Atlanta, GA 30328

This 25th day of August, 2021.

> /s/ Shawn N. Kalfus
> Shawn N. Kalfus
> Georgia Bar No. 406227

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

E-filed in Office
Clerk of State Court
8/25/2021 4:39 PM
Bryan County, GA
Rebecca G. Crowe, Clerk
Case Number: STSV2021000148

IN THE STATE COURT OF BRYAN COUNTY
STATE OF GEORGIA

ERICK R. SMITH, )
)
    Plaintiff, )      CIVIL ACTION FILE
)      NO. STSV2021000148
v. )
)
GEMCAP TRUCKING, INC.; PRIME )
PROPERTY & CASUALTY )
INSURANCE INC.; HUMBERTO )
JIMENEZ, Individually; and JOHN )
DOES 1-3, )
)
    Defendants. )

## ANSWER AND DEFENSES OF GEMCAP TRUCKING, INC. AND HUMBERTO JIMENEZ TO PLAINTIFF'S COMPLAINT

COMES NOW defendants Gemcap Trucking, Inc. ("Gemcap") and Humberto Jimenez, by way of special appearance, without waiving and specifically reserving all jurisdictional defenses, and answer plaintiff's complaint as follows:

FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Responding to the specifically numbered paragraphs of plaintiff's complaint, defendants answer as follows:

## PARTIES AND JURISDICTION

1.

Responding to the allegations in this paragraph of the complaint, defendants admits Gemcap is a Florida corporation with its principal office at the stated address, it may be served through its registered agent at the stated address, and it will be subject to the jurisdiction of and venue in this Court once it has been properly served. Except as expressly admitted, defendants deny the allegations in this paragraph of the complaint.

2.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

3.

Responding to the allegations in this paragraph of the complaint, defendants admit Mr. Jimenez will be subject to the jurisdiction of and venue in this Court once he has been properly served.  Except as expressly admitted, defendants deny the allegations in this paragraph of the complaint.

4.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

- 2 -

5.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

6.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

7.

Responding to the allegations in this paragraph of the complaint, defendants admit they will be subject to the jurisdiction of and venue will be proper in this Court once they have been properly served.  Except as expressly admitted, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

## BACKGROUND

8.

Responding to the allegations in this paragraph of the complaint, defendants admit Gemcap employed Mr. Jimenez on the date and time stated and Mr. Jimenez was operating the stated vehicle in the stated location.  Except as expressly admitted, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

9.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

10.

Responding to the allegations in this paragraph of the complaint, defendants admit Mr. Jimenez was operating a vehicle in the course and scope of his employment when the subject accident occurred.  Except as expressly admitted, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

11.

Defendants deny the allegations in this paragraph of the complaint.

## COUNT 1 – NEGLIGENCE

12.

Defendants restate the responses to the foregoing paragraphs of the complaint as if fully set forth herein.

13.

Defendants deny the allegations in this paragraph of the complaint.

14.

Defendants deny the allegations in this paragraph of the complaint.

15.

Defendants deny the allegations in this paragraph of the complaint.

16.

Defendants deny the allegations in this paragraph of the complaint.

17.

Defendants deny the allegations in this paragraph of the complaint.

<u>COUNT 2 – IMPUTED LIABILITY</u>

18.

Defendants restate the responses to the foregoing paragraphs of the complaint as if fully set forth herein.

19.

Defendants admit the allegations in this paragraph of the complaint.

20.

Responding to the allegations in this paragraph of the complaint, defendants admit Gemcap is a motor carrier, it has a duty to follow applicable laws, and the *respondeat superior* doctrine applies to plaintiff's claims of negligence against Mr. Jimenez.   Except as expressly admitted, defendants deny the allegations in this paragraph of the complaint.

21.

Responding to the allegations in this paragraph of the complaint, defendants admit the *respondeat superior* doctrine applies to plaintiff's claims of negligence against Mr. Jimenez.  Except as expressly admitted, defendants deny the allegations in this paragraph of the complaint.

<u>COUNT 3 – NEGLIGENT HIRING, TRAINING AND SUPERVISION</u>

22.

Defendants restate the responses to the foregoing paragraphs of the complaint as if fully set forth herein.

23.

Defendants deny the allegations in this paragraph of the complaint.

24.

Defendants deny the allegations in this paragraph of the complaint.

25.

Defendants deny the allegations in this paragraph of the complaint.

26.

Defendants deny the allegations in this paragraph of the complaint.

## COUNT 4 – DIRECT ACTION

### 27.

Defendants restate the responses to the foregoing paragraphs of the complaint as if fully set forth herein.

### 28.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

### 29.

Responding to the allegations in this paragraph of the complaint, defendants admit Prime Property & Casualty Insurance Inc. ("Prime") issued a policy of liability insurance to Gemcap and the policy was in effect at the time of the subject accident. Except as expressly admitted, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

### 30.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

31.

Responding to the allegations in this paragraph of the complaint, defendants admit Prime is responsible for a judgment against them up to the limits and subject to the terms of the policy of liability insurance Prime issued to Gemcap.  Except as expressly admitted, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

## COUNT 5 – DAMAGES

32.

Defendants restate the responses to the foregoing paragraphs of the complaint as if fully set forth herein.

33.

Defendants deny the allegations in this paragraph of the complaint.

34.

Defendants deny the allegations in this paragraph of the complaint.

35.

Defendants deny the allegations in this paragraph of the complaint.

36.

Responding to the allegations in the unnumbered paragraph which begins "WHEREFORE," including those set forth in subparagraphs (a) through (g), and

constitutes plaintiff's prayer for relief, defendants deny plaintiff is entitled to any relief from them under any theory, at law or in equity.

37.

Except as expressly admitted or otherwise responded to, defendants deny all allegations in the complaint.

## THIRD DEFENSE

Defendants did not breach any duty owed to plaintiff.

## FOURTH DEFENSE

No act or omission of defendants either proximately caused or contributed to any injuries or damages allegedly incurred by plaintiff; therefore, plaintiff has no right of recovery against defendants.

## FIFTH DEFENSE

Any injuries or damages sustained by plaintiff were the sole, direct, and proximate result of the conduct of others, including but not limited to plaintiff, and no alleged act by defendants caused or contributed to the incident described in the amended complaint.

## SIXTH DEFENSE

To the extent as may be shown applicable by the evidence through discovery, defendant asserts the affirmative defenses of expiration of statute of limitations,

insufficiency of service of process, lack of personal jurisdiction, assumption of the risk, contributory/comparative negligence, failure of plaintiff to avoid consequences, failure of plaintiff to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, and waiver.

WHEREFORE, having fully listed its defenses and having fully answered the complaint, defendant prays as follows:

(a)     That judgment be entered in favor of defendants and against plaintiff on the complaint;

(b)     That the costs of this action, including attorney's fees be cast against plaintiff; and

(c)     That the Court grant such other and further relief as it may deem just and proper.

STONE KALFUS LLP

*/s/ Matthew P. Stone*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Attorneys for Defendants

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

**DEFENDANTS DEMAND A TRIAL BY JURY OF TWELVE**

## CERTIFICATE OF SERVICE

This is to certify that I have this date served the foregoing *Answer and Defenses of Gemcap Trucking, Inc. and Humberto Jimenez to Plaintiff's Complaint* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the PeachCourt eFile system which will automatically send e-mail notification of such filing to counsel of record and others who are PeachCourt eFile participants.  Counsel of record is as follows:

> Thomas J. Ashenden, Esq.
> Gary Powell, Esq.
> Ashenden & Associates, P.C.
> 6111 Peachtree Dunwoody Road
> Building D, Suite 100
> Atlanta, GA 30328

This 25th day of August, 2021.

> */s/ Shawn N. Kalfus*
> Shawn N. Kalfus
> Georgia Bar No. 406227

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

E-filed in Office
Clerk of State Court
8/25/2021 4:39 PM
Bryan County, GA
Rebecca G. Crowe, Clerk
Case Number: STSV2021000148

## IN THE STATE COURT OF BRYAN COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ERICK R. SMITH, | ) | |
| | ) | |
|    Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. STSV2021000148 |
| v. | ) | |
| | ) | |
| GEMCAP TRUCKING, INC.; | ) | |
| PRIME PROPERTY & CASUALTY | ) | |
| INSURANCE INC.; HUMBERTO | ) | |
| JIMENEZ, Individually; and JOHN | ) | |
| DOES 1-3, | ) | |
| | ) | |
|    Defendants. | ) | |

### **DEMAND FOR JURY OF TWELVE**

COME NOW defendants and, pursuant to O.C.G.A. §§ 15-12-122 and 15-12-123, demand that this action be tried by a jury of twelve.  In support of this demand, defendants show they reasonably believe plaintiff's claim for damages is greater than $25,000 and that this demand is made before the commencement of the trial term in which this case is to be tried.

STONE KALFUS LLP

*/s/ Shawn N. Kalfus*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Attorneys for Defendants

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served the foregoing *Demand for Jury of Twelve* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the Odyssey eFileGA filing system which will automatically send e-mail notification of such filing to counsel of record and others who are Odyssey eFileGA participants.  Counsel of record is as follows:

> Thomas J. Ashenden, Esq.
> Gary Powell, Esq.
> Ashenden & Associates, P.C.
> 6111 Peachtree Dunwoody Road
> Building D, Suite 100
> Atlanta, GA 30328

This 25th day of August, 2021.

> /s/ Shawn N. Kalfus
> Shawn N. Kalfus
> Georgia Bar No. 406227

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
404-736-2600 (telephone)
877-736-2601 (facsimile)