IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ERICK R. SMITH, | |
|     Plaintiff, | CIVIL ACTION NO.: 4:21-cv-242 |
|     v. | |
| GEMCAP TRUCKING, INC.; PRIME PROPERTY & CASUALTY INSURANCE INC.; HUMBERTO JIMENEZ, Individually; and JOHN DOES 1–3, | |
|     Defendants. | |

**O R D E R**

This matter is before the Court on a "Consent Motion for Voluntary Remand" filed jointly by Plaintiff and Defendants. (Doc. 10.) For the reasons outlined below, the Court **GRANTS** the Motion, (id.), and **REMANDS** this case to the State Court of Bryan County, Georgia.

Plaintiff initiated this lawsuit, in which he seeks to recover damages from Defendants for injuries he allegedly suffered in an automobile collision, by filing a Complaint in the State Court of Bryan County on July 29, 2021. (Doc. 1-1, pp. 2–11.) The named Defendants removed the case to this Court on August 26, 2021, purportedly on the basis of diversity jurisdiction. (Doc. 1.) Specifically, as to citizenship, Defendants explained that Plaintiff is a North Carolina citizen, while Defendant Gemcap Trucking, Inc. ("Gemcap") is incorporated in Florida and has its principal place of business there, Defendant Humberto Jimenez, since the time of the accident, has been and continues to be a resident of Florida, and Defendant Prime Property & Casualty Insurance, Inc. ("Prime") is a foreign company existing under the laws of Illinois and has its principal place of

business in Utah. (Id. at pp. 2–3.) As for the amount in controversy, Defendants stated that they "make a plausible allegation that plaintiff is seeking recovery in an amount in excess of $75,000, exclusive of interest and costs," based on the following facts: first, "[P]laintiff seeks general damages for alleged physical and mental pain and suffering and special damages for alleged medical expenses;" and, second, "[o]n August 18, 2020, [P]laintiff made a demand to compromise and settle his claim in exchange for payment of the sum of $150,000." (Id. at p. 3.) Defendants attached a copy of the demand letter as an exhibit to their Notice of Removal. (See doc. 1-2.)

The parties have since filed the at-issue Consent Motion for Voluntary Remand. (Doc. 10.) Therein, the parties advise that they have "reached an agreement whereby [P]laintiff has agreed he will not seek, nor accept, damages from [D]efendants in excess of the sum or value of $75,000.00, exclusive of interest and costs, in this action or any subsequent action arising from the same subject matter." (Id. at p. 1.) They then proceed to state that, "[a]lthough [D]efendants maintain they properly removed the case and the Court had subject matter jurisdiction at the time of removal, the parties now agree, based on the Stipulation, the Court does not have diversity jurisdiction and, accordingly, move the Court for a voluntary remand." (Id. at p. 2.)

While the parties make clear that they have consented to remand, the Court's power to remand based merely upon such consent is suspect. See Mitchell & Shapiro LLP v. Marriott Int'l, Inc., No. 1:0-CV-1180-JTC, 2008 WL 11337750, at *1 (N.D. Ga. May 28, 2008), *vacated on reconsideration on other grounds*, 2008 WL 11337749 (N.D. Ga. June 20, 2008); see also Elliott v. Bonefish Grill, LLC, No. 5:18-cv-46(CAR), 2018 WL 1083472, at *1 (M.D. Ga. Feb. 28, 2018). Moreover, "a post-removal stipulation [as to the amount in controversy] does not normally divest a federal court of jurisdiction." Millhouse v. Brannen, No. 7:11-cv-15 (HL), 2011 WL 672337, at

*1 (M.D. Ga. Feb. 16, 2011); Boyd v. Shelton, No. 1:09-cv-03502-JOF, 2010 WL 1817759, at *2 (N.D. Ga. May 6, 2010) ("[O]nce a case has been removed, post-removal reductions in the amount of damages requested do not generally divest the court of diversity jurisdiction."); see also Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 391 (1998) (In a case where a post-removal event, like "a subsequent reduction of the amount at issue below jurisdictional levels, destroys previously existing jurisdiction," "a federal court will keep a removed case."). Thus, this Court cannot dispose of the parties' Motion to Remand by thoughtlessly rubber-stamping their proposed order, particularly given the fact that the removing parties maintain that the Court had subject matter jurisdiction at the time of removal.

Nonetheless, "it is well[-]settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005). In light of the parties' Consent Motion, the Court will examine whether it has subject matter jurisdiction.

In the present case, Plaintiff has not asserted a claim for relief under federal law. (See doc. 1-1.) Thus, as the parties concede, the only basis for jurisdiction in this Court would be diversity jurisdiction. (See doc. 10.)

> Under 28 U.S.C. § 1332, a federal court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000" and the suit is between "citizens of different states." . . . Diversity jurisdiction is determined at the time the complaint was filed. Smith v. Sperling, 354 U.S. 91, 93 n.1 (1957); Holston Inv., Inc. B.V.I. v. LanLogistics Corp., 677 F.3d 1068, 1070 (11th Cir. 2012).

Alberto v. Progressive Ins. Co., No. 2:11-cv-203, 2013 WL 750290, at *2 (S.D. Ga. Feb. 27, 2013). "Where the plaintiff has not plead a specific amount of damages . . . the defendant is required to show . . . by a preponderance of the evidence that the amount in controversy can more likely than

not be satisfied." Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); see also Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). In such a case, "removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Pretka, 608 F.3d at 754 (quoting Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001) (alterations in Pretka)); see also Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000). If it is "not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Pretka, 608 F.3d at 754 (quoting Williams, 269 F.3d at 1319); see also Sierminski, 216 F.3d at 949.

Here, the Complaint itemized Plaintiff's special damages (all of which appear to have been charges for medical services) and claimed Plaintiff's "total special damages" were only $12,013.44. (Doc. 1-1, pp. 9–10.) While Plaintiff did pray for an unspecified amount of additional damages for pain and suffering and mental anguish, it is not facially apparent that his claimed entitlement for those categories of damages will exceed $62,986.56 so as to meet the jurisdictional requirement.

Turning to the Notice of Removal, in an effort to meet the amount-in-controversy requirement, Defendants pointed to Plaintiff's settlement demand, wherein Plaintiff had demanded $150,000 to settle his claims. (Docs. 1, 1-2.) "The evidentiary value of a settlement offer in establishing the amount in controversy depends on the circumstances of the offer." Lutins v. State Farm Mut. Auto. Ins. Co., No. 3:10-CV-817-J-99MCR, 2010 WL 6790537, at *2 (M.D. Fla. Nov. 4, 2010). A settlement offer with detailed information supporting a plaintiff's claim for damages should be given more weight than a settlement offer that is mere puffery and posturing. Williams

4

v. Circle K Stores, Inc., No. 3:21-cv-723-TJC-MCR, 2021 WL 4033308, at *1 (M.D. Fla. Sept. 3, 2021) (citing Lutins, 2010 WL 6790537, at *2); see also Mark v. Wood Haulers, Inc., No. CA 09-0706-CG-C, 2009 WL 5218030, at *9 (S.D. Ala. Dec. 31, 2009) ("Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide 'specific information . . . to support [the plaintiff's] claim for damages' suggest the plaintiff is 'offering a reasonable assessment of the value of [his] claim' and are entitled to more weight.") (quoting Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)). The Court has examined the demand letter. In it, Plaintiff claimed that he had incurred the same amount of medical expenses as stated in the Complaint ($12,013.44) and he also asserted that he was entitled to recover for $4,146.07 in lost wages and $3,600 in lost personal property as result of the collision. (Doc. 1-2, p. 6.) Notably, however, Plaintiff did not specifically pray for recovery of those two categories of special damages in the Complaint. (See doc. 1-1, pp. 2–11.) Regardless, the inclusion of those damages would not push the amount in controversy significantly closer to the jurisdictional requirement. Additionally, the demand letter does not provide a reasonable basis for concluding that the amount in controversy is $150,000, as demanded, or that it otherwise exceeds $75,000. The letter does not, for instance, indicate that Plaintiff's injuries were catastrophic or that they require serious ongoing medical care; quite to the contrary, they indicate that Plaintiff was diagnosed, by a chiropractor and a physical therapist, with: sprains of the ligaments of his spine, segmental and somatic dysfunction of his spine, muscle spasms in his back, low back pain, thoracic spine pain, and "weakness." (Doc 1-2, pp. 5–6.) The demand letter indicates that Plaintiff was treated by a chiropractor and a physical therapist for four months

following the collision, there is no indication that he had received any treatment since his last physical therapy visit almost four months before the demand letter was sent. Similarly, a comparison of the demand letter and the Complaint indicates that Plaintiff had not incurred any additional medical expenses in the eleven months that passed between when the letter was sent and when suit was filed.

Accordingly, the amount in controversy has not been proven, by a preponderance of the evidence, to have been more than $75,000 at the time of removal. Further, Plaintiff has agreed that he will not seek to recover and will not accept any amount in excess of $75,000 from Defendants. This stipulation "looms large in the jurisdictional inquiry, and merits considerable deference." Land Clearing Co., LLC v. Navistar, Inc., No. CIV.A. 11-0645-WS-M, 2012 WL 206171, at *4 (S.D. Ala. Jan. 24, 2012); see also Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 808 (11th Cir. 2003) (where plaintiff's lawyers, who "are officers of this court and subject to sanctions under Federal Rule of Civil Procedure 11 for making a representation to the court for an improper purpose," represent that plaintiff does not seek and will not accept damages greater than the jurisdictional minimum, "we give great deference to such representations and presume them to be true"); Millhouse, 2011 WL 672337, at *1; Wallace v. Ky. Fried Chicken, No. 08-248-KD-B, 2008 WL 4531773, *6 n. 13 (S.D. Ala. Oct. 9, 2008) ("In weighing motions to remand, courts in the Eleventh Circuit credit representations of counsel that their clients will neither seek nor accept recovery exceeding the jurisdictional amount."); Watson v. Nuvell Fin. Servs., LLC, No. 2:07-cv-639-WKW, 2008 WL 110923, *3 & n. 2 (M.D. Ala. Jan. 9, 2008) (remanding for want of proof of amount in controversy, where plaintiff's attorney clearly stated

that plaintiff would not accept an award of greater than $75,000).  In light of these considerations, the Court finds that diversity jurisdiction is lacking and the case is due to be remanded.

For the reasons stated above, the Court **GRANTS** the parties' Consent Motion for Voluntary Remand.  (Doc. 10.)  Pursuant to 28 U.S.C. § 1447(c), this case is hereby **REMANDED** to the State Court of Bryan County, Georgia, for further proceedings. Following remand, the Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED**, this 21st day of April, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA